IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

IN RE THE MARRIAGE OF
IRIS LOOPER (now Skelly),
    Petitioner,
        v.
JEFFREY BRANDON LOOPER,
    Respondent, and

UNITED STATES ex rel. THE DEFENSE FINANCE AND ACCOUNTING SERVICE (DFAS) and TERESA McKAY, individually and as Director for DFAS,
    Federal Defendants.

CIV-14-313-D

**UNITED STATES' OBJECTION TO PETITIONER'S MOTION TO REMAND**

The United States, on behalf of DFAS and Teresa McKay, individually and as Director of DFAS, (Federal Defendants) respectfully object to Petitioner's Motion to Remand to State Court with Support Brief [Doc. No. 7].

**BRIEF IN SUPPORT**

In state court, Petitioner brought contempt proceedings seeking monetary penalties in excess of $39,000.00 against the Federal Defendants. The Federal Defendants removed the contempt proceedings from state court pursuant to 28 U.S.C. § 1442(a)(1). Doc. No. 1. Now, Petitioner requests the Court to remand the contempt proceedings back to state court. Doc. No. 7.

First, Petitioner asserts that 42 U.S.C. § 660 requires the Court to remand the contempt proceedings back to state court. Section 660 grants federal jurisdiction for garnishments under special circumstances as certified by the Secretary of Health and

1

Human Services (HHS). The statute does not prevent removal of contempt proceedings against a federal officer and federal agency. *See*, Proposition I below.

Second, Petitioner asserts that there is no removal jurisdiction because the Federal Defendants are only nominal parties to the contempt proceedings. Petitioner makes this assertion even though the contempt proceedings seek personal monetary penalties in excess of $39,000.00 from the Federal Defendants. Curbing a state court's power to subject federal officers and agencies to contempt proceedings is, in part, the very purpose of § 1442 removal. *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). *See*, Proposition II below.

## I.

### FEDERAL COURT GARNISHMENT JURISDICTION UNDER 42 U.S.C. § 660 IS NOT AT ISSUE

Section 660 of Title 42, grants federal court jurisdiction to determine any civil action to enforce child support obligations certified by the Secretary of Health and Human Services (HHS) under § 652(a)(8). Section 652(a)(8) states that HHS shall receive and approve applications to enforce court orders for child support in federal court under two (2) limited circumstances, neither applicable here. In other words, if HHS certifies a case under § 652(a)(8), then federal courts have original jurisdiction pursuant to 42 U.S.C. § 660. These statutes describe the limited circumstances in which a garnishment for child support may be brought within the original jurisdiction of the

federal courts. The present case does not involve the filing of a garnishment in federal court, therefore section 660 jurisdiction is not at issue.[1]

The present case does *not* involve the filing of a garnishment in federal court. This case involves the removal under 28 U.S.C. § 1442 of contempt proceedings filed in state court against a federal officer and a federal agency – contempt proceedings that purport to subject the Federal Defendants to significant monetary penalties and personal liability, *i.e.*, monetary penalties in excess of $39,000.00. The contempt proceedings also attempt to compel the Federal Defendants to pay garnished wages for child support in violation of Federal law. *See*, Doc. No. 6.

## II.

**FEDERAL DEFENDANTS FACING PERSONAL MONETARY PENALTIES IN EXCESS OF $39,000.00 ARE NOT NOMINAL PARTIES TO A STATE COURT CONTEMPT PROCEEDING**

The position maintained by Petitioner before this Court is *strikingly different* from the position that Petitioner asserted against the Federal Defendants in state court. Before this Court, Petitioner claims (1) that she "seeks only those amounts of moneys payable" under the Income Withholding Order (IWO), and (2) that the Federal Defendants are only nominal parties not subject to any personal liability or penalty in state court action. Doc. No. 8, p. 7.

---

[1] Petitioner cites *Bolling v. Howland*, 398 F.Supp. 1313 (M.D.Tenn. 1975) for the proposition that there is no jurisdiction to bring a garnishment in federal court without the certification of the Secretary of Health and Human Services (HHS) in accordance with 42 U.S.C. §§ 652(a)(8), 660. On this point, there is no dispute. Federal Defendants agree that Petitioner could not have filed his garnishment in federal court without the requisite HHS certification. However, this precedent is not relevant to the issue of removing contempt proceedings.

However, before the state court, Petitioner brought contempt proceedings against DFAS and Teresa McKay, Director of DFAS. In the state court contempt proceedings, Petitioner sought monetary penalties in excess of $39,000.00 ($500.00 per day since January 23, 2014) from the Federal Defendants. And significantly, Petitioner joined to the contempt proceedings Teresa McKay in her individual capacity, *i.e.*, a potential monetary judgment of $39,000.00 against Teresa McKay personally. Clearly, the contempt proceedings are attempting to subject the Federal Defendants to liability or penalty. Federal Defendants facing monetary penalties and personal liabilities in excess of $39,000.00 are ***not*** nominal parties!

In support of her claim that the Federal Defendants are nominal parties, Petitioner cited *West v. West*, 402 F. Supp. 1189 (N.D.Ga. 1975) (removal is improper when Federal Defendants are not subject to personal liability or penalty). In *West*, the former wives of servicemen sought to garnish federal wages for child support in state court. No contempt proceedings were pending, but the United States removed the garnishments to federal court pursuant to § 1442(a)(1).

The court first reasoned that the garnishments did not purport to subject any federal officer to personal liability or penalty. Second, the court reasoned that the garnishments did not purport to penalize the federal officers for any official act taken in the past or enjoin any future official act. Therefore, the *West* court found that they were not civil actions "against" federal officers within the purview of § 1442(a).

Petitioner's reliance on *West* is misplaced. In *West*, there were no pending contempt proceedings and none of the Federal Defendants faced any personal liability. The present

4

case is the exact opposite. In *West*, the United States removed nothing more than a garnishment. In the present case, the Federal Defendants have not removed a simple garnishment. Here, the Federal Defendants have removed contempt proceedings that purport to subject them to significant personal liability.

Petitioner filed her Application for Contempt against DFAS and Teresa McKay, individually and as Director of DFAS. In the Application, Petitioner sought monetary penalties against the Federal Defendants:

> . . .a fine of $500.00 per day be assessed against DFAS commencing on January 23, 2014, and each day thereafter until the wages that should have been withheld are paid to the Petitioner."

*See*, Doc. No. 1-3, p. 4, ¶ 15 (Application for Contempt).[2] Unlike *West*, Petitioner's Application for Contempt purports to subject DFAS and a federal officer to personal liability or penalty.[3] Petitioner's claim that *West* is "nearly on point" completely ignores the fact that Petitioner brought contempt proceedings that purport to subject the Federal Defendants to personal liability or penalty, *i.e.*, a fine of $500.00 per day.

---

[2] As of April 10, 2014, the damages sought by Petitioner from the Federal Defendants would amount to over $39,000.00, in addition to the arrearages for child support, plus costs and attorney fees.

[3] Alternatively, Petitioner's Application for Contempt purports to penalize a federal officer for an official act taken in the past, *i.e.*, rejecting Petitioner's IWO because it did not conform to federal law. *See also*, 5 C.F.R. § 581.305(a)(1).

# III.

**CONGRESS DECIDED THAT FEDERAL ENTITIES FACING LIABILITY REQUIRE THE PROTECTION OF A FEDERAL FORUM**

The Supreme Court has given section 1442 removal a broad interpretation and cautioned against frustrating its purpose by a narrow, grudging interpretation. *Willingham v. Morgan*, 395 U.S. 402, 406-7 (1969). Section 1442 removal is not narrow or limited. Section 1442 is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law. *Id*. at 407. The only prerequisite to removal of a civil action under § 1442(a)(1) is that it be brought against a federal officer or agency. *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1034 (9th Cir. 1985). In the present case, Petitioner threatened the Federal Defendants with monetary penalties in excess of $39,000.00 ($500.00 per day), a consequence sufficiently real that this case fits within the broad category of actions brought against a federal officer or agency.[4]

An excellent discussion of both the general scope of § 1442 removal and specifically removal of state court garnishments involving federal officers is *Nationwide Investors v. Miller*, 793 F.2d 1044 (9th Cir. 1986). After questioning the rationale underlying the *West*-style "stakeholder" cases, the *Nationwide* court stated:

---

[4] There is a line of cases holding that garnishments alone are not "civil actions" and thus not removable, *e.g.*, *West*, *supra*. The rationale behind barring removal in these cases is that the federal garnishee is a nominal party, a mere stakeholder, with nothing personally at stake. At noted above, the present case is distinguished by the fact that Petitioner purports to subject the Federal Defendants to monetary penalties in excess of $39,000.00. *See*, Proposition II above.

> The flaw in this reasoning is that the government will always have the practical election to remove no matter what the court decides. If the government chooses to ignore the state court summons, the plaintiff in the state court action will then be forced to sue the government directly. At that point, the government will be a defendant in a "civil action" and under the literal terms of § 1442(a)(1) will be able to remove.

*Id.* at 1046. The *Nationwide* court found that barring removal encourages the government to disobey state court proceedings in order to obtain a federal forum. *Id*. at 1047. In the present case, DFAS rejected Petitioner's faulty IWO. Petitioner then sued the Federal Defendants directly and purported to subject them to personal monetary penalties.

> At least part of the purpose of § 1442(a)(1) is to prevent state courts from unlimited exercise of their subpoena power against federal officers upon pain of contempt. The form of the action is not controlling; it is the state's power to subject federal officers to the state's process that § 1442(a)(1) curbs.

*Id*. at 1047. Quoting from ancient precedent, the Supreme Court emphasized the purpose underlying section 1442 removal:

> [the government] can act only through its officers and agents, and they must act within the States. If, when thus acting, and within the scope of their authority, those officers can be arrested and brought to trial in a State court, for an alleged offense against the law of the State, yet warranted by the Federal authority they possess, and if the general government is powerless to interfere at once for their protection, — if their protection must be left to the action of the State court, — the operations of the general government may at any time be arrested at the will of one of its members.

*Willingham*, *supra* at 406 (*quoting*, *Tennessee v. Davis*, 100 U.S. 257, 263 (1880)). The right of removal under § 1442 is absolute if the suit in state court is for any act under color of federal office, regardless of whether the suit could originally have been brought

in federal court. *Willingham*, *supra* at 406. Therefore, Petitioner's argument regarding the lack of original federal court jurisdiction for garnishment proceedings is not relevant.

> Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum. This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).

*Id*. at 407. In the present case, DFAS rejected an Income Withholding Order (IWO) that did not conform with Federal law. Federal law required states to disburse income withholding for child support through a State Disbursement Unit (SDU). 42 U.S.C. §§ 654b(a)(1)(B), 666. Petitioner's IWO attempted to bypass this law by directing payments to Petitioner's attorney rather than the SDU. *See*, Doc. No. 6.

In the first instance, it would be an injustice to deny DFAS and Teresa McKay, the Federal Defendants, the right to remove this action and assert their federal defenses in a federal forum. It would be a further injustice to remand the action to state court and subject the Federal Defendants to monetary sanctions for official acts "warranted by Federal authority they possess." *Tennessee v. Davis*, *supra* at 263.

## CONCLUSION

The Court should deny Petitioner's Motion to Remand. In addition, Petitioner's insistence on enforcement of the IWO "as issued" is without merit. The Court should quash Petitioner's Application for Contempt and the pending Citation for Contempt of Court, and dismiss Teresa McKay, individually and as Director of DFAS. Doc. Nos. 6 and 7.

SANFORD C. COATS
UNITED STATES ATTORNEY

S/ ROBERT A BRADFORD
ASSISTANT U.S. ATTORNEY
OBA 10214

UNITED STATES ATTORNEY'S OFFICE · WESTERN DISTRICT OF OKLAHOMA
210 PARK AVENUE · SUITE 400 · OKLAHOMA CITY, OK 73102
(405) 553-8700 · (FAX) 553-8885 · ROBERT.BRADFORD @ USDOJ.GOV

### CERTIFICATE OF SERVICE

☒ I certify that on  April 11, 2014 , I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  Andrew P. Murphy

S/ ROBERT A BRADFORD
ASSISTANT U.S. ATTORNEY

n:\! other looper dfas\remand\loo obj m2remand.docx