# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE THE MARRIAGE OF IRIS LOOPER (now Skelly),  )<br>)<br>Plaintiff/Petitioner,  )<br>)<br>v.  )<br>)<br>JEFFREY BRANDON LOOPER  )<br>)<br>Defendant/Respondent,  )<br>)<br>and  )<br>)<br>UNITED STATES *ex rel.* THE DEFENSE  )<br>FINANCE AND ACCOUNTING  )<br>SERVICE (DFAS) and  )<br>TERESA MCKAY, individually and as Director  )<br>for DFAS  )<br>)<br>Federal Defendants/Garnishees.  ) | Case No. CIV-14-313-D |

## **ORDER**

Before the Court is Plaintiff/Petitioner's Motion to Remand to State Court [Doc. No. 8]. The United States *ex rel.* the Defense and Accounting Service (DFAS) and Teresa McKay, individually and as Director for DFAS (collectively, the Federal Defendants) have filed their objection [Doc. No. 9]. For the reasons set forth below, removal is proper and Plaintiff's motion to remand is denied.

### I. **Procedural History**

The District Court of Comanche County, State of Oklahoma, granted a divorce to Plaintiff, Iris Looper and Defendant, Jeffrey Brandon Looper. The state court ordered Defendant, an active member of the United States Army, to pay child support to Plaintiff for the parties' two minor children. Defendant failed to comply with the order and, as a result, on January 15, 2014, the court entered against Defendant an Order for Judgment of Arrears, Income, Withholding, Change of Payee

Address and Requirements for Payment of Bond. *See* Order [Doc. No. 1-3 at pp. 7-11]. The court also issued on that same date an Income Withholding Order (IWO) to Defendant's employer, the Defense Finance and Accounting Service (DFAS) as garnishee. *See* IWO [Doc. No. 1-3 at pp. 12-14].

DFAS advised Plaintiff's counsel that it could not honor the IWO. Primarily, DFAS contended, pursuant to 42 U.S.C. § 666(b)(5) and (6), that it could not make payments directly to Plaintiff's counsel, as ordered by the state court, but could only send payments to a State Disbursement Unit. *See* Correspondence from DFAS to Plaintiff's Counsel [Doc. No. 1-3 at p. 19]. In response, Plaintiff sought and obtained against the Federal Defendants a citation for contempt of court from the Comanche County District Court. *See* Citation for Contempt of Court [Doc. No. 1-2]. Prior to the hearing on the state court contempt citation, the Federal Defendants filed a Notice of Removal [Doc. No. 1] and removed the action to federal court.

Plaintiff seeks a remand of the action to state court contending that removal is improper pursuant to 28 U.S.C. § 1442 because the Federal Defendants are only "nominal" parties. Plaintiff further contends there is no original jurisdiction pursuant to 28 U.S.C. § 1346 (United States as defendant). The Federal Defendants object to a remand and contend removal is proper pursuant to 28 U.S.C. 1442(a)(1) because the contempt citation is a civil action against or directed to DFAS, an agency of the United States, and Defendant McKay, an officer of that agency sued in both her individual and official capacity.

**II. Discussion**

In moving for a remand, Plaintiff represents that this is a "child support collection case." Plaintiff contends absent certification of the action by the Secretary of Health and Human Services, this action cannot be brought in federal court. *See* 42 U.S.C. § 660 ("The district courts of the United States shall have jurisdiction, without regard to any amount in controversy, to hear and determine any civil action certified by the Secretary of Health and Human Services under section 452(a)(8) of this Act [42 USCS § 652(a)(8)].").[1] The Federal Defendants readily concede that § 660 does not authorize jurisdiction in this case. *See* Objection at pp. 2-3 and n. 1.

As the Federal Defendants contend, however, removal is proper pursuant to 28 U.S.C. § 1442(a)(1) which provides for removal of a civil action against or directed to:

> The United States or any agency thereof of any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

*Id.* The statute further provides that a "civil action" includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1). Section 1442 "'grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction.'" *Farm & City Ins. Co. v. Johnson*, 190 F. Supp.2d 1232, 1235 (D. Kan. 2002) (*quoting IMCF Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 & n. 5 (5th Cir. 1982). The statute clearly encompasses the

---

[1] 42 U.S.C. § 652(a)(8) addresses enforcement of child support orders against noncustodial parents in the federal courts. If the Secretary of Health and Human Services certifies a case under § 652(a)(8), then federal courts have original jurisdiction under § 660.

citation for contempt brought against the Federal Defendants in the state court action. *Compare DeTienne v. DeTienne*, 815 F. Supp 394, 395 (D. Kan. 1993) (removal proper pursuant to § 1442(a)(1) where a federal employee, acting under color of office, was summoned to appear in a state court garnishment proceeding under threat of contempt). *See also State of Nebraska, ex rel. Dept. of Social Servs. v. Bentson*, 146 F.3d 676, 678 (9th Cir. 1998) (removal of state court action in which contempt proceedings had been initiated against the IRS was proper under § 1442(a)(1)); *State of Florida v. Cohen*, 887 F.2d 1451, 1454 (11th Cir. 1989) ("Once the state court initiated contempt proceedings against the federal officials [for not responding to state court subpoenas], removal of the contempt proceeding was appropriate [under § 1442(a)(1)].").[2]

Plaintiff wholly ignores the basis for the Federal Defendants' removal of this action – the contempt citation issued by the state court against them. Plaintiff's characterization of the proceedings as limited to a child support enforcement action lacks candor. The contempt citation issued against DFAS and Teresa McKay qualifies as a civil action against or directed to any agency and/or officer of the United States for purposes of 28 U.S.C. § 1442(a)(1). The Federal Defendants are not nominal parties. In the contempt application filed by Plaintiff, she requests the court to impose a fine of $500.00 per day against DFAS. *See* Application for Contempt Citation [Doc. No. 1-3 at pp. 1-5]. Moreover, Plaintiff's contempt citation seeks to enforce an order directing the Federal Defendants to take action they contend is contrary to federal law –*i.e.,* pay funds subject to

---

[2]These cases were decided prior to amendments to § 1442 made in 2011 which further clarify removal is proper here, where a "civil action" is "directed to" the United States or any agency or officer thereof. The 2011 House Report regarding those amendments states: "[t]he purpose of the removal statute, clarified by H.R. 368, is to ensure that State courts lack the authority to hold Federal officers criminally or civilly liable for acts performed in the exercise of their duties." H.R. Rep. 112-17, H.R. REP. 112-117, 1-2, 2011 U.S.C.C.A.N. 420, 420-21.

the IWO directly to Plaintiff's attorney rather than a State Disbursement Unit pursuant to 42 U.S.C. §§ 654, 654b and 666(b). Thus, removal is proper under 28 U.S.C. § 1442(a)(1).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand to State Court [Doc. No. 8] is DENIED.

IT IS SO ORDERED this 6th day of June, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE