# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE THE MARRIAGE OF IRIS LOOPER (now Skelly), )<br>)<br>Plaintiff/Petitioner, )<br>)<br>v. )<br>)<br>)<br>JEFFREY BRANDON LOOPER )<br>)<br>Defendant/Respondent, )<br>)<br>and )<br>)<br>UNITED STATES *ex rel.* THE DEFENSE )<br>FINANCE AND ACCOUNTING )<br>SERVICE (DFAS) and )<br>TERESA MCKAY, individually and as Director )<br>for DFAS )<br>)<br>Federal Defendants/Garnishees. ) | Case No. CIV-14-313-D |

## O R D E R

Before the Court are Garnishees United States and Director of DFAS' Motion to Quash Petitioner's Application for Contempt and the Pending Citation for Contempt of Court [Doc. No. 6] and Motion to Dismiss of Garnishee Teresa McKay Individually and as Director for the DFAS [Doc. No. 7]. Plaintiff/Petitioner has filed objections to each of the motions [Doc. Nos. 10 and 11, respectively] and the motions are fully briefed and ready for decision.[1]

---

[1] In objecting to the Motion to Dismiss of Garnishee Teresa McKay, Plaintiff states that she dismisses the Citation and Application for Contempt against Teresa McKay, individually. *See* Objection at p. 2. Therefore, the Court construes this statement as Plaintiff's notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1) and the claims against Teresa McKay in her individual capacity are dismissed.

**I.     Background**

Plaintiff, Iris Looper (now Skelley, and hereinafter referred to as Plaintiff), sought and obtained a contempt citation issued in state court against the United States *ex rel.* the Defense Finance and Accounting Service (DFAS) and Teresa McKay, individually and as Director for DFAS (collectively, the Federal Defendants). The underlying state court contempt proceedings arise out of the divorce granted to Plaintiff and Defendant, Jeffrey Brandon Looper (Defendant), by the state court and its order entering a judgment of arrears against Defendant Looper for past due child support obligations. Plaintiff then obtained an income withholding order (IWO) against Defendant Looper. Looper is an active duty service member and his wages are paid through the Defense Finance and Accounting Service (DFAS).[2] Thus, the Federal Defendants entered the state court action as garnishees.

The state court issued the contempt citation on grounds that the Federal Defendants violated the directives of the IWO and set the matter for a show cause hearing. The action was removed to this Court by the Federal Defendants and this Court subsequently determined removal was proper pursuant to 28 U.S.C. § 1442(a) and denied Plaintiff's motion to remand. *See* Order [Doc. No. 12].[3] The contempt citation is a "civil action" under the removal statute and only the contempt citation, not the entire case in which it was issued, is before this Court. *See* 28 U.S.C. § 1442(d)(1).

---

[2]No claims removed to this Court are asserted against Defendant Looper.

[3]The action was removed prior to the state court hearing on the contempt citation.

The Federal Defendants move to quash the contempt citation. They have raised the defense of sovereign immunity contending any claim for money damages is barred.[4] The Federal Defendants further contend the IWO does not comply with governing state and federal law because it directs payment to Plaintiff's attorney when, instead, payment must be disbursed through Oklahoma's Support Distribution Unit, the Centralized Support Registry.

Plaintiff fails to address the central issue of sovereign immunity raised by the Federal Defendants. Ignoring the contempt citation as the "civil action" before this Court, Plaintiff erroneously treats the removed action as a garnishment proceeding and contends the Federal Defendants lack standing to challenge the IWO. Because the Court finds it lacks jurisdiction over the contempt proceedings on grounds of sovereign immunity, the Court does not address the issue of the proper payee of the sums due under the IWO.

## II. Discussion

### A. *Sovereign Immunity*

Sovereign immunity protects the United States and its agencies from being sued without their consent. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Unless the United States has waived its immunity, courts lack subject matter jurisdiction over claims against the government and its officers acting in their official capacities. *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotations omitted), and must be interpreted strictly, resolving any ambiguities in favor of immunity. *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991).

---

[4]The application for contempt citation seeks imposition of a $500.00 per day fine against the Federal Defendants, an award of interest on child support due and costs and attorney fees. *See* Application [Doc. No. 6-4].

The Federal Defendants raise sovereign immunity as a bar to Plaintiff's claim for money damages and further address the invalidity of the IWO. The Court finds, however, that sovereign immunity bars not only a claim for money damages against the Federal Defendant, but the issuance of the contempt citation by the state court in the first instance.[5]

B.  *Legal Framework Governing Garnishment Proceedings Against the United States*

Garnishment is purely a creature of state law. *Harris v. Balk*, 198 U.S. 215, 222 (1905). Such process is routinely provided by state law for enforcement of court-ordered child support and alimony to reach wages of the judgment debtor in the hands of an employer. *See United States v. Morton*, 467 U.S. 822, 832 & n.15 (1984).

In 1974, Congress enacted 42 U.S.C. § 659 and granted a limited waiver of sovereign immunity to allow garnishment proceedings to be brought against the United States for the enforcement of court-ordered child support and alimony.[6] *See Morton,* 467 U.S. at 826 (Congress

---

[5]Because the Court can raise the sovereign immunity issue *sua sponte*, it is permissible to construe application of sovereign immunity more broadly than urged by the Federal Defendants. *See, e.g., Villescas v. Abraham*, 311 F.3d 1253, 1256 n. 3 (10th Cir. 2002).

[6] Section 659 provides:

(a) Consent to support enforcement:

[M]oneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the Armed Forces of the United States, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and regulations of the Secretary under such subsections, and to any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.

(b) Consent to requirements applicable to private person

(continued...)

4

enacted 42 U.S.C. § 659 "decid[ing] that compensation payable to federal employees, including members of the Armed Services, should be subject to legal process to enforce employees' obligations to provide child support or make alimony payments.").

Section 659 does not create a federal right of action, that is, it does not confer federal subject matter jurisdiction. Instead, it waives the United States' sovereign immunity from a garnishment proceeding authorized under state law. *See Stephens v. U.S. Dept. of Navy*, 589 F.2d 783, 783 (4th Cir. 1979) (section 659 "merely waives the defense of sovereign immunity to state proceedings, while not creating a federal cause of action"); *see also Stubli v. Principi*, 362 F. Supp.2d 949, 951 (N.D. Ohio 2005) ("Section 659(a) creates neither a federal right to garnishment nor any federal jurisdiction over garnishment proceedings. The statute simply authorizes federal agencies to honor state court garnishment orders providing for payment of child support and alimony.") (citation omitted); *Sarfaty v. Sarfaty*, 534 F. Supp. 701, 704 (E.D. Pa. 1982) (section 659 "does not vest subject matter jurisdiction in the federal courts to hear actions seeking to enjoin the enforcement" of writs of garnishment); *Morrison v. Morrison*, 408 F. Supp. 315, 317 (N.D. Tex. 1976) (waiver of sovereign immunity "is the purpose and effect of section 659").

The statutory and regulatory provisions make clear that section 659 provides only a partial waiver of sovereign immunity, limited to requiring federal agencies to withhold monies payable to

---

[6](...continued)
> With respect to notice to withhold income pursuant to subsection (a)(1) or (b) of section 666 of this title, or any other order or process to enforce support obligations against an individual (if the order or process contains or is accompanied by sufficient data to permit prompt identification of the individual and the moneys involved), each governmental entity specified in subsection (a) of this section shall be subject to the same requirements as would apply if the entity were a private person, except as otherwise provided in this section.

42 U.S.C. § 659.

5

their employees for the purpose of effecting state court orders directed against them for child support and alimony. *See Rose v. Rose*, 481 U.S. 619, 620 (1987) ("Section 659(a) was intended to create a limited waiver of sovereign immunity so that state courts could issue valid orders directed against Government agencies attaching funds in their possession."). Regulations promulgated pursuant to section 659 expressly preclude a claim for money damages, further underscoring the limited waiver of sovereign immunity intended by the statute. *See* 5 C.F.R. § 581.305(e)(2) ("Neither the United States, any disbursing officer, nor any governmental entity shall be liable under this part to pay money damages for failure to comply with legal process.").

In this case, Plaintiff seeks to broaden the scope of the limited waiver of sovereign immunity found in section 659(a) beyond permissible limits to include a proceeding for contempt. But Plaintiff has pointed to no express waiver of sovereign immunity that would subject the Federal Defendants to contempt proceedings in this context. *Compare Carter v. Curfman*, No. 3:14-CV-97, 2014 WL 1648248 at * 2 (E.D. Va. April 23, 2014 (unpublished op.) (sovereign immunity rendered state court without jurisdiction to issue contempt citation against federal employee for failing to comply with garnishment summons issued to federal agency; 42 U.S.C. § 659 subjects the "pay" of a federal employee to "legal process" but does not permit a plaintiff to bring an action for contempt against a federal officer). *See also State of La. v. Sparks*, 978 F.2d 226, 235 (5th Cir. 1992) ("[M]yriad cases involving a § 1442(a) removal of a state subpoena proceeding against an unwilling federal officer have held that the sovereign immunity doctrine bars enforcement of the subpoena. These courts have quashed state court subpoenas or dismissed contempt proceedings that were removed on the ground that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign."); *Loftin v. Rush*, 767 F.2d 800, 809 (11th Cir. 1985) (holding that 42 U.S.C.

§ 659(a) "was not intended to authorize payment of default judgments entered against the United States pursuant to state law."). The narrow construction that must be afforded waivers of sovereign immunity precludes the Court from finding the instant state-court contempt proceedings authorized by section 659(a).

### III. Conclusion

Due to sovereign immunity, the state court did not have jurisdiction to issue the contempt citation against the Federal Defendants. Thus, the Federal Defendants are entitled to dismissal of the contempt citation for lack of subject matter jurisdiction. The Court, therefore, does not reach the issue of the validity of the IWO's directive that payments be made to Plaintiff's attorney rather than Oklahoma's State Disbursement Unit.

IT IS THEREFORE ORDERED that the Federal Defendants' Motion to Quash Petitioner's Application for Contempt and the Pending Citation for Contempt of Court [Doc. No. 6] is GRANTED and the Citation for Contempt is hereby VACATED, and this action is DISMISSED. Judgment will enter accordingly.

IT IS FURTHER ORDERED that the Motion to Dismiss of Garnishee Teresa McKay Individually and as Director for the DFAS [Doc. No. 7] is DENIED as moot.

IT IS SO ORDERED this 23rd day of June, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE